# EXHIBIT 1



# STATE OF CONNECTICUT
*DEPARTMENT OF CONSUMER PROTECTION*

December 2, 2025

**<u>Via Certified Mail and E-Mail</u>**

KalshiEX LLC
594 Broadway #407
New York, NY 10012

Case No. 2025-77

To Whom it May Concern:

The Department of Consumer Protection ("Department") has become aware that KalshiEX LLC, d/b/a Kalshi ("Kalshi"), is conducting unlicensed online gambling, more specifically sports wagering, in Connecticut through its online sports event contracts ("Contracts"). Kalshi's actions are in violation of Connecticut General Statutes (Conn. Gen. Stat.) §§ 53-278b, 53-278d, and the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. §§ 42-110 et seq. ("CUTPA"). The Department, therefore, orders Kalshi to immediately cease and desist advertising and offering its Contracts to Connecticut residents.

Conn. Gen. Stat. § 53-278b prohibits gambling and professional gambling. Gambling is defined as "risking any money, credit, deposit or other thing of value for gain contingent in whole or in part upon lot, chance or the operation of a gambling device . . . ." Conn. Gen. Stat. § 53-278a. Professional gambling means "accepting or offering to accept, for profit, money, credits, deposits or other things of value risked in gambling . . . ." Id.

Sports wagering is a form of gambling and is defined as:
> [R]isking or accepting any money, credit, deposit or other thing of value for gain contingent in whole or in part, (A) by any system or method of wagering, including, but not limited to, in person or through an electronic wagering platform, and (B) based on (i) a live sporting event or a portion or portions of a live sporting event, including future or propositional events during such an event, or (ii) the individual performance statistics of an athlete or athletes in a sporting event or a combination of sporting events.

Conn Gen. Stat. § 12-850(34).

Kalshi's platform allows users to purchase Contracts based on their belief that a particular sport outcome will occur, such as a specific team winning a game, division, or championship. The user is paid based on the outcome of the sporting event and not based on the occurrence or nonoccurrence of such event. These Contracts constitute sports wagering because they allow Connecticut residents to risk something of value for gain by an electronic wagering platform through the placement of wagers on the outcome of live sporting events or portions of a live sporting event including future events.

450 Columbus Boulevard, Suite 901, Hartford, Connecticut 06103-1840
General Information (860) 713-6100
Website: ct.gov/dcp
*An Affirmative Action / Equal Opportunity Employer*

1



# STATE OF CONNECTICUT
*DEPARTMENT OF CONSUMER PROTECTION*

Public Act 21-23 authorized online sports gambling in Connecticut, but only for specific licensed entities. Kalshi does not possess an online gaming operator's license under Conn. Gen. Stat. § 12-857 or any other relevant qualification that would allow Kalshi to provide online gaming to Connecticut residents; nor do Kalshi's actions fall within any of the excepted activities to the prohibition on gambling listed in Conn. Gen. Stat. § 53-278g. Even if Kalshi possessed an online gaming operator's license, Kalshi's Contracts still violate numerous other Connecticut laws and public policies in that Kalshi allows for individuals under 21 years of age to place wagers and allows illegal wagers on Connecticut intercollegiate teams. Conn. Gen. Stat. §§ 12-863(a)(1) and 12-850(30).

Moreover, Kalshi's Contracts are void under Conn. Gen. Stat. 52-553, which prohibits wagering contracts. More specifically, Section 52-553 states:
> All wagers, and all contracts and securities of which the whole or any part of the consideration is money or other valuable thing won, laid or bet, at any game, horse race, sport or pastime, and all contracts to repay any money knowingly lent at the time and place of such game, race, sport or pastime, to any person so gaming, betting or wagering, or to repay any money lent to any person who, at such time and place, so pays, bets or wagers, shall be void . . . .

Kalshi's Contracts likewise fail to meet any of the exemptions of Conn. Gen. Stat. § 52-553.

Kalshi's promotion of unlicensed and illegal gambling services is also an unfair trade practice, which violates CUTPA. Not only are Kalshi's actions deceptive, they are also unfair in that Kalshi, by operating outside of the regulatory environment, is able to gain a competitive advantage over appropriately licensed entities.

Kalshi is hereby ordered to immediately cease and desist advertising, offering, promoting, or otherwise making available Contracts or any other form of unlicensed online gambling to Connecticut residents. Kalshi must, however, allow all Connecticut residents to withdraw any funds currently held by Kalshi. Failure to comply may result in additional action including, but not limited to, civil penalties under CUTPA and/or criminal penalties under Conn. Gen. Stat. §§ 53-278b and 53-278d.

Sincerely,

Kristofer Gilman
Director of Gaming