**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| KALSHIEX LLC,<br><br>　　*Plaintiff*<br><br>v.<br><br>BRYAN T. CAFFERELLI, in his official capacity as Commissioner of the Connecticut Department of Consumer Protection; KRISTOFER GILMAN, in his official capacity as Director of Gaming for the Connecticut Department of Consumer Protection; CONNECTICUT DEPARTMENT OF CONSUMER PROTECTION; and WILLIAM TONG in his official capacity as Attorney General of Connecticut,<br><br>　　*Defendants* | Case No.: 3:25-cv-02016 (VDO)<br><br><br>**OBJECTION TO MOTION FOR EMERGENCY INJUNCTION PENDING APPEAL**<br><br><br><br><br>AUGUST 14, 2026 |

**INTRODUCTION**

Kalshi's Motion for Emergency Injunction Pending Appeal ("Motion") should be promptly denied. There is simply no basis to restrain Defendants from enforcing Connecticut law as to Kalshi's sports wagers pending a long-shot appeal to the Second Circuit, given their clear illegality under State law, their ongoing harms to Connecticut residents, and Connecticut's law enforcement interests that "heavily" outweigh any interest articulated by Kalshi. [ECF 94 at 36]. Kalshi's Motion faces an even higher standard than its preliminary injunction motion, yet Kalshi largely repeats the arguments the Court just considered and rejected. The Motion offers no basis for this Court to reverse itself by enjoining enforcement of Connecticut wagering law just days after

issuing a carefully reasoned 38-page decision refusing to do so, and its Motion should be denied.

**ARGUMENT**

Kalshi cannot meet the high standard for an injunction or stay pending appeal.[1] The Court must consider four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *McCue v. City of New York*, 503 F.3d 167, 170 (2d Cir. 2007). "In the Second Circuit, the probability of success on appeal and irreparable harm are the two most critical factors." *Gordon v. Aetna Life Ins. Co.*, No. 3:24-cv-1447 (VAB) 2026 U.S. Dist. LEXIS 107815, at *12 (D. Conn. May 15, 2026) (cleaned up).

By requiring a "strong showing," the stay or injunction standard demands more of Kalshi than its denied preliminary injunction motion, which required only a "likelihood of success on the merits," *Abrams v. Waters*, No. 17-cv-1659, 2018 U.S. Dist. LEXIS 49206, at *10-11 (D. Conn. Mar. 26, 2018). *See Agudath Israel of Am. v. Cuomo*, 980 F.3d 222, 225-26 (2d Cir. 2020) (reiterating that "an injunction is an extraordinary remedy never awarded as of right" and emphasizing requirement on appeal of "strong showing that the movant is likely to succeed on the merits") (cleaned up).

---

[1] Defendants note that Kalshi also seeks "short-term administrative relief," for which it provides no independent argument. For the same reason that Kalshi is not entitled to an injunction, it is not entitled to other "administrative relief," particularly as the Motion does not raise significant new issues requiring consideration and this Objection is being filed within 12 hours of the Motion, enabling prompt consideration thereof.

The Court's comprehensive 38-page decision has already considered each of these factors and concluded that they favor Defendants. The Southern District of New York recently denied Kalshi's similar motion because it "does not change" the fact that "Kalshi has not met its burden with respect to any of the four factors to be considered when adjudicating a motion for preliminary injunction." Order [ECF 113], *KalshiEX LLC v. Williams*, No. 25-cv-8846 (S.D.N.Y. July 27, 2026) (Exhibit A). Kalshi offers no reason to reach a different result now.

### a. Kalshi cannot make a "strong showing" on the merits.

Kalshi's merits argument offers little of substance, claiming only that the Second Circuit "may disagree with certain features of this Court's decision" [ECF 97.1 at 3]. Putting aside the lack of articulable reason why the Second Circuit would do so on any issue, let alone *both* independent grounds for the Court's decision—i.e., that sports wagers are not swaps, *and* are not subject to exclusive federal jurisdiction even if they are—the hope of possible reversal does not justify the rare relief of an injunction.

Defendants note that Kalshi's only new merits argument appears to be its citation to the CFTC's August 11, 2026 "emergency order" postdating the Court's decision, which Kalshi characterizes as "literally requir[ing] Kalshi to refrain from following state law." [ECF 97-1 at 7]. This order is of no moment for at least three reasons.

First, Kalshi cannot bootstrap an impossible federal-state conflict out of the emergency order because, as this Court and others have already properly held, the sports wagers under dispute *are not swaps* subject to the CFTC's jurisdiction in the first place. [ECF 94 § II.A.1]. Notably, the emergency order itself does not appear to

disagree, declining to articulate how the types of sports wagers under dispute meet the definition under 7 U.S.C. § 1a(47).

Second, the CFTC order conflicts with—indeed, flatly ignores—the prior federal decisions, including this Court's and the Southern District of New York's, holding that *state law applies* to Kalshi's sports wagers even if they are swaps. *See KalshiEX LLC v. Williams*, No. 25 Civ. 8846, 2026 U.S. Dist. LEXIS 149977, at *27-28 (S.D.N.Y. July 7, 2026). Both *Williams* and this Court's decision specifically rejected the central pillar of the CFTC's emergency order: its dubious assertion that the CFTC's "Core Principles" pose an irreconcilable conflict between federal and state law. [ECF 94. at 29]; *Williams*, 2026 U.S. Dist. LEXIS 149977, at *23. An administrative agency lacks the power to overrule the decision of a United States District Court regarding the interpretation and application of a federal statute. *See Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 394 (2024) ("courts must exercise independent judgment in determining the meaning of statutory provisions"); *see also Marbury v. Madison*, 1 Cranch 137, 177 (1803) ("It is emphatically the province and duty of the judiciary to say what the law is"). As this Court noted: "Nothing in the CEA takes statutory interpretation away from courts. *See* 7 U.S.C. § 2(a)(1)(A)." [ECF 94] at 14.

Because Kalshi has failed to establish the "critical" factor of a "strong showing" of success in the Second Circuit, its Motion must be denied.

**b. Defendants, not Kalshi, will be irreparably harmed by an injunction or stay.**

As to irreparable harm, Kalshi again offers nothing of substance that the Court has not already carefully considered and rejected.

4

Though Kalshi cites the above-mentioned CFTC emergency order as evidence of potential harm absent an injunction, Defendants note that, despite its bluster, nothing in the CFTC's order threatens any regulatory action whatsoever, let alone "irreparable" harm, against Kalshi if Kalshi complies with the law of New York or any other State. Kalshi does not even attempt to claim its status as a DCM is in jeopardy as a result of the emergency order. Even if CFTC were to credibly threaten action against Kalshi as a licensee, there is little basis to believe such order would be upheld in a federal court as a result of the lack of its legal basis as applied to sports wagers.

Kalshi's other arguments as to irreparable harm are near cut-and-paste copies of its arguments in its Motion for Preliminary Injunction. Kalshi's familiar claims to fear liability or economic or reputational harm offer nothing new that could justify the extraordinary measure of an injunction pending appeal.

It is Defendants, not Kalshi, who will suffer irreparable harm from an injunction or stay pending appeal. "Any time a State is enjoined by a court from effectuating statutes enacted by representatives of its people, it suffers a form of irreparable injury." *Maryland v. King*, 567 U.S. 1301, 1303 (2012) (Roberts, C.J., in chambers). The Court has already recognized the "Defendants' interests in regulating gaming in Connecticut and ensuring that the DCP has the ability to effectuate statutes enacted to protect the public" [ECF 94 at 36], which interests will be irreparably impaired if enjoined pending appeal. Defendants have already refrained from taking enforcement action pending the resolution of the Motion for Preliminary Injunction, [ECF 11, 35]. Kalshi offers no basis for their hands to be tied further.

**c. The balance of the equities and the public interest do not favor an injunction.**

Kalshi barely attempts to argue that the balance of the equities and public interest favor letting it offer unregulated sports wagers pending appeal. For the reasons the Court already articulated, the State's interests "heavily" outweigh Kalshi's here [ECF 94 at 36] and Kalshi identifies nothing new about the current procedural posture of this case to change that conclusion.

## CONCLUSION

Because Kalshi fails to meet the high standard for an injunction pending appeal, its Motion should be promptly denied.

Respectfully submitted,

**DEFENDANTS**

BRYAN T. CAFFERELLI,
KRISTOFER GILMAN,
CONNECTICUT DEPARTMENT OF
CONSUMER PROTECTION,
WILLIAM TONG

**WILLIAM TONG**
**ATTORNEY GENERAL**

BY: */s/     Joseph Gasser*
       Joseph E. Gasser, No. ct30299
       Michael Nunes, No. ct31522
       Assistant Attorneys General
       Office of the Attorney General
       165 Capitol Avenue
       Hartford, CT 06106
       Phone: 860-808-5400
       Fax: 860-808-5593
       joseph.gasser@ct.gov
       michael.nunes@ct.gov

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 14, 2026, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated below. Parties may access this filing through the Court's CM/ECF System.

By:    */s/ Joseph Gasser*
Joseph Gasser

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KALSHIEX LLC,

                              Plaintiff,

        -against-

ROBERT WILLIAMS, in his official capacity as
Executive Director of the New York State Gaming
Commission; BRIAN O'DWYER, in his official
capacity as Chair and Commissioner of the New
York State Gaming Commission; JOHN A.
CROTTY, in his official capacity as Commissioner
of the New York State Gaming Commission;
SYLVIA B. HAMER, in her official capacity as
Commissioner of the New York State Gaming
Commission; MARTIN J. MACK, in his official
capacity as Commissioner   of the New York State
Gaming Commission; PETER J. MOSCHETTI,
JR., in his official capacity as Vice Chair and
Commissioner of the New York State Gaming
Commission; MARISSA SHORENSTEIN, in her
official capacity as Commissioner of the New
York State Gaming Commission; JERRY
SKURNIK, in his official capacity as
Commissioner of the New York State Gaming
Commission,

                              Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  7/27/2026

25 Civ. 8846 (AT)

**ORDER**

ANALISA TORRES, District Judge:

On July 15, 2026, Plaintiff, KalshiEx LLC ("Kalshi"), filed a letter motion seeking leave to file a motion for an emergency injunction pending appeal from the Court's July 7[1] order (the "PI Order") denying its motion for a preliminary injunction, or, in the alternative, "short-term administrative relief." *See* Mot., ECF No. 110; PI Order, ECF No. 106; Opp., ECF No. 112. The motion is denied.

Under *Agudath Israel of America v. Cuomo*, when a moving party seeks to obtain an injunction pending appeal, that party must show that they have a "strong" likelihood of success on the merits—a heightened standard than what is required for a typical preliminary injunction. *See Agudath Israel of Am. v. Cuomo*, 980 F.3d 222, 225–26 (2d Cir. 2020) (quoting *New York v. U.S. Dep't of Homeland Sec.*, 974 F.3d 210, 214 (2d Cir. 2020)) (characterizing this requirement as "more" than the requirement for issuance of a preliminary injunction); *see e.g., Principle*

---

[1] The Court issued a revised Opinion and Order on July 9, 2026, to correct a scrivener's error which has no bearing on the motion at hand.  *See* ECF No. 108.

*Homecare, LLC v. McDonald*, No. 25-466, 2025 WL 946292, at \*1 (2d Cir. Mar. 25, 2025) (recognizing *Agudath Israel* as providing the standard for issuance of an injunction pending appeal); *Colony Grill Dev., LLC v. Colony Grill, Inc.*, No. 20 Civ. 213, 2021 WL 4521966, at \*1 (D. Conn. Oct. 4, 2021) (same).[2]  Of course, the movant must also demonstrate the remaining factors relevant to issuance of a standard preliminary injunction: (1) a likelihood of irreparable harm in the absence of preliminary relief; (2) that the balance of equities tips in their favor; and (3) that an injunction is in the public interest.  *See Agudath Israel*, 980 F.3d at 225–26; *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008).

Kalshi asks the Court to reverse itself.  In deciding whether to take this drastic step, "the fact that a court previously found that a preliminary injunction was not warranted should carry significant weight, so the circumstances must be of unusual magnitude to justify a district court granting an injunction pending appeal after denying a preliminary injunction." *NetChoice v. Bonta*, 761 F. Supp. 3d 1232, 1236 (N.D. Cal. 2025).

The Court held in the PI Order that Kalshi has not met its burden with respect to any of the four factors to be considered when adjudicating a motion for preliminary injunction.  *See generally* PI Order.  Kalshi's motion does not change this, and it does not point to any unusual or compelling circumstances which justify Kalshi's requested relief.  First, Kalshi argues that without an emergency injunction, it will face "a 'Hobson's Choice' of violating New York law and exposing itself to potentially huge liability or violating the CFTC's [Commodity Futures Trading Commission] order and risking its federal registration." Mot. at 3–4.  The Court previously considered this argument, holding that "Kalshi has not presented any evidence that the possibility of the CFTC revocation of its designation as a [designated contract market] is more than mere speculation."  PI Order at 20.  Kalshi points to a recent order issued by the CFTC which states that Kalshi violated federal law by complying with a Michigan state court order, Mot. at 4, but Kalshi does not argue that its status as a designated contract market is at risk as a result of that action.  Moreover, as the Court already determined, Kalshi's potential harms are "largely monetary" and stem from "the ordinary burdens and costs complying with government regulation [that] are typically insufficient to constitute irreparable harm."  *See* PI Order at 19–20.

Second, Plaintiff cannot make a "strong showing" that it is likely to succeed on the merits.  Kalshi largely repackages its briefing on the preliminary injunction motion to explain why it believes its appeal to the Second Circuit will be successful.  Mot. at 2–3 (claiming, for instance, that the Second Circuit "may disagree with the Court's interpretation" of the relevant federal statutes).  But "[t]he sheer possibility of a reversal—a possibility that exists in every appeal—is insufficient for the Court to find an injunction [] or administrative stay is necessary. . . ." *Delux Pub. Charter, LLC v. Cnty. of Westchester*, No. 22 Civ. 1930, 2024 WL 3744167, at \*3 (S.D.N.Y. July 25, 2024).[3]  Plaintiff reports that after briefing on the original preliminary injunction motion the CFTC issued a proposed rulemaking which states, "that the CEA [the

---

2 Kalshi's motion in fact seeks something even more "drastic" than a routine injunction pending appeal—it seeks the very injunctive relief that the Court already denied. *See Agudath Israel*, 980 F.3d at 226.

3 The only circuit court to have ruled on a motion for an emergency preliminary injunction pending appeal filed by Kalshi denied Kalshi's request.  *See Kalshiex LLC v. Schuler*, No. 26-3196, 2026 WL 1295806 (6th Cir. Apr. 24, 2026).

Commodity Exchange Act] 'expressly preempts state laws' with respect to event contracts on [designated contract markets]." Mot. at 2. The Court "must exercise independent judgment in determining the meaning of statutory provisions," *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369, 394 (2024), however, and has done so in concluding the CEA does not preempt "all state gambling laws from regulations transactions involving swaps." PI Order at 14. Kalshi offers no new authority that would cause the Court to now conclude that Kalshi has made a "strong showing" of success on the merits.

Moreover, the Court's analysis has not changed with respect to its conclusions that the balance of equities weighs in Defendants' favor and that an injunction is not in the public's interest. The Court rejects Kalshi's claim that "there is no evidence that a brief injunction pending an expedited Second Circuit appeal would harm New York's gaming industry or the public." Mot. at 4. Defendants have laid out significant harms associated with halting their efforts to enforce state gaming regulations. Opp. at 4; *see also* ECF No. 66 at 27–29 (brief of *Amici Curiae* organizations and Indian Tribes)*;* PI Order at 20–21.

Plaintiff's request for an emergency injunction pending appeal is DENIED. Plaintiff's request for short-term administrative relief is also DENIED.[4] The Clerk of Court is respectfully directed to terminate the motion at ECF 110.

SO ORDERED.

Dated: July 27, 2026
      New York, New York

_____
ANALISA TORRES
United States District Judge

---

4 As Defendants noted, Plaintiff "has not cited any case standing for the proposition that courts in this circuit issue interim administrative *injunctions* rather than administrative stays." Opp. at 4. Regardless, for the forementioned reasons Plaintiff is not entitled to any sort of injunction.