UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KALSHIEX LLC,<br><br>Plaintiff,<br><br>-against-<br><br>BRYAN T. CAFFERELLI, in his official capacity as Commissioner of the Connecticut Department of Consumer Protection; KRISTOFER GILMAN, in his official capacity as Director of Gaming for the Connecticut Department of Consumer Protection; CONNECTICUT DEPARTMENT OF CONSUMER PROTECTION; and WILLIAM TONG, in his official capacity as Attorney General of Connecticut,<br><br>Defendants. | **MEMORANDUM & ORDER**<br><br>25-CV-2016 (VDO) |

**VERNON D. OLIVER**, United States District Judge:

Before the Court is Plaintiff KalshiEX LLC's ("Kalshi") Motion for an Emergency Injunction Pending Appeal (the "Motion"). The Motion seeks injunctive relief to prohibit Defendants, various Connecticut officials, and the Connecticut Department of Consumer Protection (collectively, the "Defendants"), from enforcing Connecticut's gambling regulatory scheme against Kalshi pursuant to the Order this Court issued on August 10, 2026, denying Kalshi's Motion for Preliminary Injunction (the "PI Order"). Kalshi also seeks, in the alternative, short-term administrative relief pending the Second Circuit's resolution of its forthcoming motion for an injunction pending appeal. For the reasons that follow, the Motion is **DENIED**.

## I. BACKGROUND

The Court assumes familiarity with the underlying facts of this case, as recently recounted in the PI Order. For the purpose of deciding this Motion, the Court sets out the following brief procedural history:

On August 10, 2026, the Court issued the PI Order, which denied Kalshi's Motion for Preliminary Injunction.[1] In so doing, the Court held that Kalshi failed to meet its burden on any of the four factors to be considered when adjudicating a motion for preliminary injunction. It did not meet its burden for likelihood of success on the merits, as the Court concluded that Kalshi's sports-event contracts do not constitute "swaps" within the meaning of the Commodity Exchange Act ("CEA") and are outside of the CFTC's jurisdiction, and that federal law did not preempt Connecticut's traditional authority to regulate sports wagering.[2] It did not meet its burden to demonstrate irreparable harm, as monetary damages would be an adequate remedy.[3] And it did not demonstrate that the balance of the equities and the public interest favored granting injunctive relief.[4]

Three days later, on August 13, 2026, Kalshi filed the instant Motion.[5] Defendants responded with their opposition (the "Response") hours later, on August 14, 2026.[6]

---

[1] *See* ECF No. 94 (*KalshiEX LLC v. Cafferelli*, No. 25-CV-2016 (VDO), 2026 WL 2294589 (D. Conn. Aug. 10, 2026)).

[2] *Id.* at Section II.A.

[3] *Id.* at Section II.B.

[4] *Id.* at Section II.C.

[5] *See* ECF No. 97.

[6] *See* ECF No. 98.

## II. DISCUSSION

An injunction pending appeal requires a "strong showing" of success on the merits. *Agudath Israel of Am. v. Cuomo*, 980 F.3d 222, 226 (2d Cir. 2020). The showing of success on the merits for an injunction "demands a significantly higher justification than a request for a stay." *Id.*; *see also Colony Grill Dev., LLC v. Colony Grill, Inc.*, No. 20-CV-213 (AWT), 2021 WL 4521966, at *1 (D. Conn. Oct. 4, 2021) (applying *Agudath Israel of America* to require a "strong showing" of success on the merits.). This burden is likewise significantly higher than the ordinary standard for preliminary injunction, which only requires a "likelihood" of success on the merits. *See DiMartile v. Hochul*, 80 F.4th 443, 456 (2d Cir. 2023). Of course, the movant must also demonstrate the remaining preliminary injunction factors to prevail on an injunction pending appeal: (1) they are likely to suffer irreparable harm in the absence of preliminary relief; (2) the balance of equities tips in their favor; and (3) an injunction is in the public interest. *See Agudath Israel of Am.*, 980 F.3d at 226.

### A. Success on the Merits

Kalshi has not made a strong showing of success on the merits. Its first three arguments are recycled from its PI Motion. In them, Kalshi contends that the Second Circuit "may disagree" that (1) Kalshi's event contracts are not swaps; (2) that the CEA does not expressly preempt state law; and (3) that Kalshi failed to demonstrate field preemption.[7] All three of these arguments were already considered and rejected by this Court in the PI Order.[8] The instant Motion does not change this finding or point to any compelling circumstances that

[7] ECF No. 97-1 at 2–5.

[8] PI Order at Section II.A.

would justify the Court reversing itself to grant the instant relief. While the Second Circuit may ultimately "disagree with certain features of this Court's decision,"[9] the possibility for reversal alone (a possibility that exists in every appeal) does not warrant the extraordinary measure of injunctive relief. *Delux Pub. Charter, LLC v. Cnty. of Westchester*, No. 22-CV-1930, 2024 WL 3744167, at *3 (S.D.N.Y. July 25, 2024). Further, injunctive relief is not warranted because of the novelty of these issues or because of the division of courts throughout the country. The Court is well aware that this is a question of first impression in the Second Circuit, and that courts have issued conflicting decisions nationwide. Indeed, the Court considered and addressed these concerns at oral argument and within the PI Order.[10] A split in caselaw outside of this Circuit does not justify injunctive relief pending appeal, nor does the sheer fact that this is an issue of first impression. Accordingly, Kalshi has not made a strong showing on the merits with any of its first three arguments.

In its fourth argument, Kalshi contends that the Second Circuit may disagree with the Court's view that Kalshi can comply with both federal and Connecticut gambling regimes. But the Court already considered this issue and held that Connecticut's gambling laws complement rather than conflict with federal law.[11] Kalshi supplements its argument by referencing new guidance issued by the CFTC on August 11, 2026—the day after the Court issued the PI Order. After the New York Attorney General brought a state-court action against Kalshi seeking to bar its event contracts, the CFTC issued its August 11, 2026, guidance declaring a "market

[9] ECF No. 97-1 at 2.

[10] PI Order at Section I.C.

[11] *Id.* at Section II.A.2

emergency" and directing Kalshi to operate its exchange in accordance with its normal practices, even if the state court orders Kalshi to stop operating in New York (the "CFTC Order"). Kalshi argues, *inter alia*, that is further evidence of a conflict between compliance with federal and state regulations. This argument is not compelling, as it ignores a fundamental holding of the PI Order: that the sports-event contracts in dispute are not swaps subject to the CFTC's exclusive jurisdiction.

Further, the CFTC Order ignores this Court's decision, as well as the decision of the Southern District of New York in *KalshiEX LLC v. Williams*, which both hold that state law is not preempted by federal law as applied to Kalshi's sports-event contracts. No. 25-CV-8846, 2026 WL 2017466 (S.D.N.Y. July 13, 2026). The Court "must exercise independent judgment in determining the meaning of statutory provisions." *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369, 394 (2024). It has done so here in finding that Connecticut's gambling laws do not conflict with the CEA. Nothing in the CEA takes away statutory interpretation from the Courts, and as an administrative agency, the CFTC lacks the authority to dictate an order that conflicts with this Court's decision. Thus, the issuance of the CFTC Order does not cause the Court to conclude that Kalshi has made a "strong showing" of success on the on the merits.

**B. Irreparable Harm**

Kalshi likewise failed to demonstrate irreparable harm. First, it argues that it faces irreparable harm in the form of civil and criminal liability if it disregards the enforcement of Connecticut's gambling regime, as Defendants have declined to continue forbearing enforcement after the Court issued the PI Order.[12] Second, it argues that compliance with

---

[12] ECF No. 97-1 at 8.

Connecticut state law would cause economic and reputational harm because it would require the termination of trading for Connecticut users.[13] The Court has already considered and rejected these arguments in its PI Order and finds no reasons to adjust its analysis here.[14] The only new factor in Kalshi's arguments is a reference to the CFTC Order.[15] But the CFTC Order does not indicate that the CFTC intends to take any regulatory action against Kalshi, such as revoking its designation as a DCM if it complies with New York state law or the law of any other state (such as Connecticut). *See generally* Christoper K. Kirkpatrick, CFTC, Order Directing Kalshi to Continue Exercising DCM Functions (Aug. 11, 2026). Thus, the claim that the CFTC *could* take regulatory action is still speculative, and the issuance of the CFTC Order does not change the Court's prior analysis.

Defendants make a compelling argument that they would suffer irreparable harm, not Kalshi, if this Court were to issue an injunction pending appeal.[16] The Court has recognized Defendants' interest in regulating gaming in Connecticut, and "any time a State is enjoined by a court from effectuating statutes enacted by representatives of its people, it suffers a form of irreparable injury." *Maryland v. King*, 567 U.S. 1301, 1303 (2012) (Roberts, C.J., in chambers) (cleaned up). Defendants voluntarily refrained from taking enforcement action against Kalshi during the pendency of the PI Motion,[17] and Kalshi has not provided a sufficiently compelling

[13] *Id.* at 8–9.

[14] PI Order at Section II.B.

[15] ECF No. 97-1 at 9.

[16] ECF No. 98 at 4–5.

[17] ECF No. 97-1 at 8.

basis to further restrict Connecticut's enforcement of its gambling regulatory regime during the pendency of the appeal.

### C. Balance of the Equities and the Public Interest

Kalshi, again, recycled the arguments it presented to the Court in its original motion for preliminary injunction when arguing that the balance of the equities and the public interest favor injunctive relief. Namely, that Connecticut enforcement regime is unconstitutional, Connecticut does not face harm from being enjoined, and that an injunction would preserve the status quo.[18] Each of these arguments were addressed in the PI Order,[19] and Kalshi has not presented any new or compelling arguments that require the Court to change its analysis. Thus, for the reasons stated in the PI Order, the Court also finds here that Kalshi has not met its burden of demonstrating that the balance of the equities and public interest factors weigh in its favor.[20]

## III. CONCLUSION

For the foregoing reasons, Kalshi's Motion for an injunction pending appeal is **DENIED**. Kalshi has not presented any separate argument for its alternative request of administrative relief, and accordingly, that request is also **DENIED**.

**SO ORDERED.**

Hartford, Connecticut
August 15, 2026

/s/Vernon D. Oliver
VERNON D. OLIVER
United States District Judge

[18] ECF No. 97-1 at 9.

[19] PI Order at Section II.C.

[20] *See id.*